UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00130-RJC
(3:11-cr-00230-RJC-1)

| | |
|---|---|
| **WILLIAM SEDRICK ROLLERSON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. [Doc. 1].

## I. BACKGROUND

On January 27, 2021, pro se Petitioner William Sedrick Rollerson pled guilty in this Court to being a felon-in-possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). [Criminal Case No. 3:11-cr-00230 ("CR"), Doc. 14: Acceptance and Entry of Guilty Plea; Doc. 24: Judgment]. Petitioner was sentenced to 180 months of imprisonment. [CR Doc. 24]. Judgment on Petitioner's conviction was entered on February 20, 2013. [Id.]. Petitioner appealed and the Fourth Circuit affirmed Petitioner's conviction and sentence. United States v. Rollerson, 538 Fed. App'x 318 (4th Cir. 2013).

On June 10, 2016, Petitioner filed a Section 2255 motion to vacate, which this Court denied and dismissed on the merits on May 16, 2018. [Civil Case No. 3:16-cv-00130-RJC, Docs. 1, 9]. Petitioner filed the instant § 2255 motion to vacate on March 29, 2021. [Doc. 1]. In the instant motion, which is not signed under penalty of perjury and which appears untimely, Plaintiff seeks

relief under Rehaif v. United States, 139 S. Ct. 2191 (2019).  [Id.].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" to determine whether a petitioner is entitled to any relief.  After having considered the record in this matter, the Court finds that no response is necessary from the United States.  Further, the Court finds that this matter can be resolved without an evidentiary hearing.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner filed the instant motion to vacate on March 29, 2021, seeking "immediate release" from his incarceration imposed in Criminal Case No. 3:11-cr-00230-RJC-1.  As noted, Petitioner filed a previous motion to vacate the same conviction and sentence on June 10, 2016, which was dismissed on the merits.

The Antiterrorism and Effective Death Penalty Act provides, in relevant part, that before a prisoner may file a second or successive motion under § 2255 challenging his federal criminal judgment(s), he first must obtain authorization to do so from the appropriate circuit court of appeals.  28 U.S.C. §§ 2244(b)(3)(A), 2255(h).  A district court lacks jurisdiction to consider a second or successive § 2255 motion unless the motion has been certified in advance by the appropriate appellate court.  See § 2255(h); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Petitioner provides no evidence that he has obtained authorization from the Fourth Circuit to file a second or successive § 2255 motion.  Consequently, the Court lacks jurisdiction to consider the instant Motion to Vacate, and it must be dismissed.  See Winestock, 340 F.3d at 205.

2

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate [Doc. 1] is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: April 13, 2021

Robert J. Conrad, Jr.
United States District Judge